| Summons | CIVIL DOCKET NO. 2284CV00854 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: LOREN O.E. NIKOLAI HALSTEN Plaintiff(s) vs. PROMPT PRAXIS LABORATORIES LLC and LISA McCHESNEY-HARRIS Defendant(s) | | Michael Joseph Donovan, Clerk of Courts Suffolk County COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO  Prompt Praxis Laboratories LLC c/o Lisa McChesney-Harris its CEO  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the           Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

  a) Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Civil Court Three Pemberton Square, 12th Floor, Boston, MA  02108 (address), by mail or in person **AND**

  b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
  Elizabeth Tully, Cohen, Kinne, Valicenti & Cook LLP
  28 North Street, 3rd Floor, Pittsfield, MA  01201

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger          , Chief Justice on _____ , 20 ____ . (Seal)

Clerk-Magistrate  *Michael Joseph Donovan*
                  Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

N.B.  **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

| Summons | CIVIL DOCKET NO. 2284CV00854 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: LOREN O.E. NIKOLAI HALSTEN<br><br>Plaintiff(s)<br><br>vs.<br><br>PROMPT PRAXIS LABORATORIES LLC and LISA McCHESNEY-HARRIS<br><br>Defendant(s) | | Michael Joseph Donovan, Clerk of Courts<br>Suffolk County<br><br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO  Lisa McChesney-Harris  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the         Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Civil Court Three Pemberton Square,12th Floor, Boston, MA  02108 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   Elizabeth Tully, Cohen, Kinne, Valicenti & Cook LLP
   28 North Street, 3rd Floor, Pittsfield, MA  01201

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20 ____ . (Seal)

Clerk-Magistrate *Michael Joseph Donovan*
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____         Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**Suffolk, ss.**                                                                 Case No.

|                                                         |   |
|---------------------------------------------------------|---|
| LOREN O.E. NIKOLAI HALSTEN,                             | ) |
|         Plaintiff                                        | ) |
|         v.                                               | ) |
| PROMPT PRAXIS LABORATORIES LLC and LISA MCCHESNEY-HARRIS | ) |
|         Defendants                                       | ) |

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff Loren Halsten brings claims of failure to pay all wages owed in violation of the Massachusetts Wage Act ("Wage Act"), retaliation for attempting to pursue her rights under the Wage Act, and retaliation for reporting discriminatory conduct in violation of both state and federal law. Plaintiff's claims arise out of her employment with Defendant Prompt Praxis Laboratories LLC ("PPL") in Massachusetts. Plaintiff seeks damages for her economic losses, emotional distress as well as punitive damages, interest, costs, and attorneys' fees.

### Parties

1. Plaintiff Loren Halsten currently resides in Portsmouth, New Hampshire. While employed by Defendant PPL, Plaintiff lived and worked in Boston, Massachusetts.

2. PPL has its headquarters in Vernon Hills, Illinois.

3. Defendant Lisa McChesney-Harris is the Chief Executive Officer of PPL and, on information and belief, resides in Illinois.

**Factual Background**

4. PPL is an analytical testing laboratory for pharmaceuticals.

5. Ms. Halsten was employed by PPL from approximately January 2, 2019 through May 10, 2021, as PPL's National Sales and Business Development Manager.

6. Ms. Halsten was employed by PPL in Massachusetts.

7. Ms. Halsten worked out of her home office in Boston, Massachusetts.

8. PPL paid Ms. Halsten as a Massachusetts employee and had Massachusetts payroll taxes withheld from her paycheck.

9. Per PPL's compensation plan, Ms. Halsten earned commissions on top of her base salary.

10. When she first began her employment with PPL, Ms. Halsten was supervised by PPL's Vice President of Operations Steve Aragon.

11. Soon after Ms. Halsten began work for PPL, Mr. Aragon began sexually harassing her by making unwelcome sexual comments about and to Ms. Halsten.

12. Ms. Halsten repeatedly informed Mr. Aragon that his sexual comments were unwelcome and inappropriate, however, Mr. Aragon's unwelcome sexual comments continued.

13. In October 2019, Ms. Halsten reported Mr. Aragon's ongoing sexual harassment to PPL CEO Lisa McChesney-Harris, PPL Senior Vice-President Cecilia Newcomb-Evans and PPL's human resources office.

14. In approximately November 2019, following an alleged investigation into Ms. Halsten's claims of sexual harassment, PPL concluded that no harassment had occurred.

15. Nevertheless, following the investigation, Mr. Aragon resigned from his position and left PPL.

276787

16. During the same time period Ms. Halsten noticed that she was not being paid all commissions due to her.

17. Per Ms. Halsten's compensation plan, PPL agreed to pay Ms. Halsten a revenue-based commission in addition to her salary.

18. Ms. Halsten realized that there were errors in her commission payments.

19. Ms. Halsten identified the errors by cross-referencing her commission payments with revenue billed on client invoices.

20. Ms. Halsten reported these errors to Ms. McChesney-Harris and they were ultimately corrected by January 2020.

21. Following Ms. Halsten's complaints of sexual harassment and violations of wage laws, PPL began retaliating against Ms. Halsten.

22. After reporting errors in her commission payments, PPL stopped providing client invoices to Ms. Halsten, preventing her from confirming that her commission payments were correct.

23. Ms. McChesney-Harris, who was a friend of Mr. Aragon, became hostile towards Ms. Halsten, berating her unnecessarily, failing to respond to Ms. Halsten's business inquires in a timely manner, and cutting Ms. Halsten out of client relationships early in the process.

24. On April 27, 2021, Ms. Halsten made a formal complaint to Rebecca Kolleng, PPL's Human Resource Manager, regarding the retaliation she was experiencing for reporting sexual harassment and her concerns that she had not been paid all commissions due to her.

25. Ms. Halsten had contracted several accounts on which she was owed commissions that she had not been paid.

26. In her email communication to Ms. Kolleng, Ms. Halsten specifically stated that she believed PPL's conduct violated anti-retaliation laws and wage laws.

27. Ms. Kolleng committed to investigate Ms. Halsten's complaints and informed Ms. Halsten that she (Ms. Kolleng) would be meeting with Ms. McChesney-Harris on May 4, 2021.

28. On Friday May 7, 2021, Ms. Kolleng confirmed to Ms. Halsten that she was not in fact being paid commissions on 100% of revenue as required by her compensation plan and admitted there needed to be more transparency with respect to Ms. Halsten's pay.

29. On Monday May 10, 2021, without warning, PPL terminated Ms. Halsten's employment stating simply that they were going in a different direction.

## Exhaustion of Administrative Remedies

30. Ms. Halsten timely filed her Wage Act claims with the Massachusetts Attorney General's office and obtained a private right of action letter.

31. Ms. Halsten timely filed charges of discriminatory retaliation against Defendant PPL with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") on September 15, 2021.

32. Ms. Halsten removed her case from the MCAD in order to pursue her claims in court.

33. Ms. Halsten obtained a notice of right to sue from the EEOC on April 6, 2022.

## Count I
## Violations of M.G.L. c. 151B – Retaliation

34. Ms. Halsten restates, realleges and incorporates the facts set forth in the foregoing paragraphs by reference.

4

35. Ms. Halsten reasonably believed that Defendants engaged in unlawful discrimination and unlawful retaliation against her.

36. Ms. Halsten opposed the discrimination and retaliation.

37. Ms. Halsten suffered an adverse employment action as a result of her opposition to Defendants' discrimination and retaliation.

38. Ms. Halsten suffered economic and emotional distress damages due Defendants' actions or inactions.

## Count II
### Violations of 42 U.S.C. § 2000e-(3)(a) - Retaliation

39. Ms. Halsten restates, realleges and incorporates the facts set forth in the foregoing paragraphs by reference.

40. Ms. Halsten reasonably believed that Defendants engaged in unlawful discrimination and retaliation against her.

41. Ms. Halsten opposed the discrimination and retaliation.

42. Ms. Halsten suffered an adverse employment action as a result of her opposition to Defendants' discrimination and retaliation.

43. Ms. Halsten suffered economic and emotional distress damages due Defendants' actions or inactions.

## Count III
### Violation of M.G.L. c. 149, § 148 – Failure to pay all wages owed

44. Ms. Halsten restates, realleges and incorporates the facts set forth in the foregoing paragraphs by reference.

45. Ms. Halsten earned commissions from PPL in amounts that were definitely determined and became due and payable to her.

46. Such commissions are wages that PPL was required to pay to Ms. Halsten under the Wage Act.

47. Defendants failed to pay Ms. Halsten all commissions/wages owed to her.

48. Ms. Halsten sought to enforce her right to be paid all wages owed to her by Defendants.

49. Ms. Halsten suffered economic damages due Defendants' actions or inactions.

## Count IV
### Violation of M.G.L. c. 149, § 148A – Retaliation

50. Ms. Halsten restates, realleges and incorporates the facts set forth in the foregoing paragraphs by reference.

51. Ms. Halsten sought to enforce her right under the Wage Act to be paid all wages owed to her by Defendants.

52. Ms. Halsten suffered an adverse employment action – termination – because she sought to assert her right under the Wage Act to be paid all wages owed to her by Defendants.

53. Ms. Halsten suffered economic and emotional distress damages due Defendants' actions or inactions.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Halsten requests that the Court:

1. Award Ms. Halsten actual damages, including but not limited to unpaid wages, back pay, front pay, emotional distress damages, and all other remedies in law and equity available;

2. Award Ms. Halsten punitive damages;

3. Award Ms. Halsten treble damages under the Wage Act;

4. Award Ms. Halsten reasonable attorneys' fees and costs; and

5. Provide all other relief that is just and proper.

Respectfully submitted,

LOREN O.E. NIKOLAI HALSTEN,

By her attorneys,

/s/ Elizabeth Tully
Elizabeth Tully (BBO# 685855)
Kevin M. Kinne (BBO# 559004)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
(413) 443-9399
etully@cohenkinne.com
kkinne@cohenkinne.com

Dated: April 20, 2022

7

276787



| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY: Suffolk Superior Court (Boston) |

| Plaintiff | Loren O.E. Nikolai Halsten | Defendant: | Prompt Praxis Laboratories LLC and Lisa McChesney-Harris |
|---|---|---|---|
| ADDRESS: | 159 State Street, Apt. 2A, Portsmouth, NH 03801 | ADDRESS: | 150 N. Fairway Drive, Suite 148 Vernon Hills, IL 60061-1860 |
| Plaintiff Attorney: | | Defendant Attorney: | |
| ADDRESS: | Elizabeth Tully/Kevin M. Kinne Cohen Kinne Valicenti & Cook LLP 28 North Street, 3rd Floor, Pittsfield, MA 01201 | ADDRESS: | |
| BBO: | Elizabeth Tully (685855); Kevin M. Kinne (559004) | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☐ NO | ☐ YES   ☐ NO |

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Unwelcome and inappropriate behavior and comments | |
| 2. | Unlawful discrimination and retaliation | |
| 3. | Failure to pay full wages owed | |
| | Total | $100,000++ |

++punitive damages, treble damages and attorneys' fees

Signature of Attorney/Unrepresented Plaintiff: X *Elizabeth Tully*     Date: April 20, 2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X *Elizabeth Tully* | Date: April 20, 2022 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

**CN Contract/Business Cases**

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c. 231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death - Non-medical (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

- S01 Summary Process - Residential (X)
- S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c. 249, § 4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
- E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c.12, § 11H (A)
- E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
- E25 Pleural Registry (Asbestos cases)
- E94 Forfeiture, G.L. c. 265, § 56 (X)
- E95 Forfeiture, G.L. c. 94C, § 47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
- Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

- E12 SDP Commitment, G.L. c. 123A, § 12 (X)
- E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

- E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
- E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.