UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10750-RGS

LOREN O.E. NIKOLAI HALSTEN

v.

PROMPT PRAXIS LABORATORIES, LLC
and LISA MCCHESNEY-HARRIS

MEMORANDUM AND ORDER
ON DEFENDANTS' PARTIAL MOTION TO DISMISS

July 11, 2023

STEARNS, D.J.

Plaintiff Loren O.E. Nikolai Halsten (Halsten) brought this lawsuit against Prompt Praxis Laboratories, LLC (PPL) and its CEO, Lisa McChesney-Harris, alleging failure to pay wages earned and owed and unlawful discrimination and retaliation. The Complaint asserts four claims against both defendants: (1) employment discrimination in violation of Mass. Gen. Laws ch. 151B (Count I); (2) employment discrimination in violation of 42 U.S.C. § 2000e-3(a) (Count II); (3) failure to pay wages in violation of Mass. Gen. Laws ch. 149 § 148 (Count III); and (4) retaliation in violation of Mass. Gen. Laws ch. 149 § 148(A) (Count IV). Defendants move to dismiss Counts I and II against McChesney-Harris and Counts III and IV

against both defendants pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the court will grant the motion in part and deny it in part.

## BACKGROUND

The facts, drawn from the Complaint and accompanying documents,[1] and viewed in the light most favorable to plaintiff as the non-moving party, are as follows. PPL employed Halsten as a National Sales and Business Development Manager from January of 2019 through May of 2021. During her tenure, Halsten earned a base salary supplemented by earnings from revenue-based commissions.[2] She was supervised by PPL's Vice President of Operations, Steve Aragon, who Halsten asserts sexually harassed her. Halsten reported Aragon's behavior to McChesney-Harris in October of 2019. After an investigation, PPL determined that no sexual harassment had taken place and took no further action – Aragon later left PPL of his own volition.

---

[1] At the motion to dismiss stage, the court may take into consideration "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," in addition to the complaint's allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000), quoting 5A Wright & Miller, Federal Practice and Procedure § 1357 at 299 (1990).

[2] According to the facts alleged in the Complaint, Halsten is owed paid commissions on 100% of revenue. *See* Compl. [Dkt # 1-3] at 4.

During the investigation, Halsten received less than her full earned commissions. She reported the payment error to McChesney-Harris and the shortfall in the payments was remedied. However, Halsten alleges that, after bringing the wage error to McChesney-Harris' attention, PPL stopped providing her with client invoices. Halsten also avers that McChesney-Harris became increasingly hostile, blaming McChesney-Harris' relationship with Aragon as the cause. On April 27, 2021, Halsten made a formal complaint to PPL's human resource manager about the alleged harassment and wage payments. The HR manager later admitted to Halsten that she was not being paid in accordance with her compensation plan. On May 10, 2021, Halsten was terminated by PPL.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two pertinent principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. For a claim to be

plausible, the pleaded factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## I. Counts I and II Against McChesney-Harris

Before bringing an employment discrimination claim in state or federal court, an employee must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or a parallel state agency (here, the Massachusetts Commission Against Discrimination (MCAD)) within 180 days of the alleged discriminatory employment practice. *Aly v. Mohegan Council, Boy Scouts of Am.*, 711 F.3d 34, 41 (1st Cir. 2013). Failure to exhaust the administrative process "bars the courthouse door." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).

Defendants seek dismissal of Counts I and II against McChesney-Harris because Halsten failed to exhaust the requisite administrative remedies.[3] Halsten does not dispute this fact and "does not oppose dismissal of Counts I and II of her complaint . . . solely as to Defendant Lisa McChesney-Harris." Pl.'s Opp'n to Defs.' Partial Mot. to Dismiss (Pl.'s

---

[3] Halsten filed administrative charges against only PPL. She removed her case from MCAD to pursue her claims in court after receiving notice of a right to sue from the EEOC on April 6, 2022. *See* Compl. ¶¶ 31-33.

4

Opp'n) [Dkt # 9] at 3. The court accordingly grants the motion to dismiss Counts I and II of the Complaint against McChesney-Harris.

## II. Counts III and IV Against Both Defendants

Defendants argue that Counts III and IV should be dismissed on res judicata grounds.[4] A federal court looks to state law in deciding the res judicata (or claim preclusive) effect of a state court judgment. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-482 (1982). Under Massachusetts law, "[t]hree elements must be established to show claim preclusion: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" *Laramie v. Philip Morris USA Inc.*, 488 Mass. 399, 405 (2021), quoting *DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45 (2001). The second element, the identities of the causes of action,[5] is at issue.

---

[4] "Res judicata is an affirmative defense, but where . . . the defendant[s] ha[ve] raised the question on a motion to dismiss, the plaintiff[s] do[] not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." *Garcia-Monagas v. De Arellano*, 674 F.3d 45, 50 (1st Cir. 2012), quoting *In re Sonus Networks, Inc.*, 499 F.3d 47, 56 (1st Cir. 2007). The court accordingly will consider res judicata with respect to defendants' motion to dismiss.

[5] "Massachusetts deems causes of action identical for claim preclusion purposes if they 'grow[] out of the same transaction, act, or agreement, and seek[] redress for the same wrong.'" *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008), quoting *Brunson v. Wall*, 405 Mass. 446, 541 (1989).

Halsten brought a small claims suit in the Boston Municipal Court (BMC) to recover wages owed to her on the day of her discharge under the Wage Act.[6] *See* Defs.' Mem. in Supp. of Partial Mot. to Dismiss Pl.'s Compl. (Defs.' Mem.) Ex. 1 [Dkt # 6-1]. Defendants allege that Halsten's current Wage Act claims "arise[] out of the same cause of action as the prior litigation" and that, "[b]ecause judgment was entered in the previous action, Halsten is barred from litigating claims that were or should have been brought in the prior action." Defs.' Mem. [Dkt # 6] at 4. The court disagrees.

The BMC determined that PPL failed to pay uncontested wages that were owed to Halsten on the day of her termination. Defendants do not dispute this fact, stating "[i]n the previous suit Halsten's claim focused on payment for unused vacation pay that was due to her on the day of her termination." Defs.' Mem. at 5. The small claims court was not presented with, nor could it adjudicate, alleged incalculable, unpaid commissions and retaliation claims under the Wage Act.[7] Thus, Halsten could not bring her

---

[6] "Where the motion to dismiss is premised on a defense of res judicata . . . the court may take into account the record in the original action." *Andrew Robinson Int'l*, 547 F.3d at 51. The court accordingly considers the content of Halsten's original claim in the BMC.

[7] The purpose of small claims court is to provide an "informal and inexpensive procedure" for the adjudication "of claims in the nature of contract or tort." Mass. Gen. Laws ch. 218 § 21. The jurisdictional limit on recovery in BMC is $7,000. *Id.* Halsten brought suit in the BMC to recover

6

current claims in the BMC as a result of a jurisdictional bar and recovery limit.[8]

Halsten's current claims are distinct from her original BMC claim against PPL, as they go "significantly beyond the nucleus of operative facts alleged in the state-court case." *Alston v. Town of Brookline*, 997 F.3d 23, 39 (1st Cir. 2021). This lawsuit does not involve the undisputed, calculable wages awarded in the BMC.[9] It instead involves alleged employment discrimination, withholding of invoices by PPL leading to Halsten's inability to compute her missing wages, and retaliatory termination. Halsten is not seeking to relitigate matters already decided, but to bring claims she was unable to adjudicate in her previous action. The court accordingly denies defendants' motion to dismiss Counts III and IV pursuant to Rule 12(b)(6).

---

uncontested wages owed to her in a timely manner, as is permitted in the small claims court.

[8] Defendants make a claim-splitting argument in favor of res judicata. However, claim-splitting is subject to certain exceptions, one of which is when the evidence on which the second action was based was not reasonably discoverable during the initial action. *See Havercombe v. Dep't of Educ. of the Commonwealth of P.R.*, 250 F.3d 1, 8 (1st Cir. 2001). The purpose of small claims court is to provide efficient relief and requiring Halsten to engage in discovery at a time when she was seeking immediate unemployment relief would be unreasonably defeat this purpose.

[9] When bringing suit in small claims court in Massachusetts, plaintiffs are required to state the explicit amount sought after, exclusive of any prejudgment interest. *See* Mass. Uniform Small Claims Rule 2(a).

## ORDER

For the foregoing reasons, the Motion to Dismiss Counts I and II against McChesney-Harris is <u>GRANTED</u>.  The Motion to Dismiss Counts III and IV against both defendants is <u>DENIED</u>.

        SO ORDERED.

        <u>/s/ Richard G. Stearns</u>
        UNITED STATES DISTRICT JUDGE