UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOREN O.E. NIKOLAI HALSTEN,<br><br>                      Plaintiff,<br><br>v.<br><br>PROMPT PRAXIS LABORATORIES LLC. AND LISA MCCHESNEY-HARRIS,<br><br>                      Defendants. | CIVIL ACTION NO. 1:22-CV-10750 |

## **DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS**

Pursuant to Fed.R.Civ.P. 45, Defendant, Prompt Praxis Laboratories LLC (hereinafter, "Prompt Praxis" or "Defendant"), moves to quash subpoenas sent to clients of the Defendant. As grounds for this motion, Defendant relies on the reasons stated more fully in the accompanying Memorandum in Support of this Motion and states:

    a. Plaintiff's subpoenas must be quashed as beyond the geographic scope under Fed. R. Civ. P. 45(C), as it commands production of documents more than 100 miles from where the Defendant's clients conduct business and reside;

    b. Plaintiff's subpoenas must be quashed as beyond the geographic scope under Fed. R. Civ. P. 45(C), as it commands production of documents in state where none of Defendant's clients conduct business or have any connection;

    c. Plaintiff's subpoenas must be quashed as they create an undue hardship on Defendant's clients to produce information of little to no relevance;

    d. Plaintiff's subpoenas must be quashed as Plaintiff has already received

1

production regarding the documents sought and the subpoenas are thereby unnecessary and of little to no worth in comparison to the undue hardship they will bring on Defendants' clients.

e. Thereby, the Court must quash Plaintiff's subpoenas under Fed. R. Civ. P. 45 (c).

WHEREFORE, the Defendant prays this Honorable Commission:

i. Issue a finding granting Defendants' Motion to Quash Plaintiff's subpoenas; and

ii. For such other and further relief as is deemed fair and just.

Respectfully Submitted,

Defendants,
Prompt Praxis Laboratories LLC.
By Its Attorney,

_____
Trevor Brice, Esq.
BBO #706213
The Royal Law Firm
33 Elliot Street
Springfield, MA 01105
Tel. (413) 586-2288/Fax (413) 586-2281
Dated: November 22, 2023    E-mail:  TBrice@TheRoyalLawFirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Defendants' Motion to Quash Plaintiff's Subpoenas* was served upon counsel for all other parties, through the CM/ECF, on November 22, 2023.

_____
Trevor Brice, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOREN O.E. NIKOLAI HALSTEN,<br><br>      Plaintiff,<br><br>v.<br><br>PROMPT PRAXIS LABORATORIES LLC. AND LISA MCCHESNEY-HARRIS,<br><br>      Defendants. | CIVIL ACTION NO. 1:22-CV-10750 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS

This motion to quash Plaintiff's subpoenas to Prompt Praxis Laboratories LLC's (hereinafter, "Prompt Praxis" or "Defendant") [1] clients comes pursuant to Fed.R.Civ.P. 45(c), where the Plaintiff served subpoenas on Defendant's clients in violation of Fed. R. Civ. P. 45(c). Plaintiff's subpoenas must be quashed as beyond the geographic scope under Fed. R. Civ. P. 45(C), as it commands production of documents more than 100 miles from where the Defendant's clients conduct business and reside. Indeed, the Plaintiff demands production of documents in Pittsfield, MA, from Defendant's clients located in Florida, Ohio, Georgia, Arkansas, and Kansas, far more than 100 miles from they conduct business or reside. Indeed, the Plaintiff's subpoenas must be quashed as beyond the geographic scope under Fed. R. Civ. P. 45(C), as it commands production of documents in a state where none of Defendant's clients conduct business or have

---

[1] The counts against Defendant Lisa McChesney-Harris were dismissed, however, to the extent that she is involved in remaining claims, she has been included in the caption until further Court ruling.

any connection. Additionally, Plaintiff's subpoenas must be quashed as they create an undue hardship on Defendant's clients to produce information of little to no relevance. Plaintiff has already received production regarding the documents sought and the subpoenas are thereby unnecessary and of little to no worth in comparison to the undue hardship they will bring on Defendants' clients to produce these requested documents. As such, Defendant moves for this Honorable Court to quash the subpoenas that were served on Defendant's clients and order any other relief that the Court deems appropriate. In support of this motion, the Defendant states as follows:

## Background

Plaintiff Loren O.E. Nikolai Halsten (hereinafter, "Halsten" or "Plaintiff")[2] alleged in 2019 there were errors in her commission payments. Complaint ¶¶16-9. Halsten informed the Defendants of this and the errors in her commission were corrected. Complaint ¶ 20. Fifteen months later, in April 2021, Halsten again alleged errors in her commission payments occurred and Halsten told her employer. (Complaint ¶¶ 24-5). Halsten's employment ended in May of 2021 (Complaint ¶¶ 29).

Halsten filed a small claims suit in Boston Municipal Court on May 19, 2021. (BMC Record). In this suit, Halsten alleged damages of $4,678.34 and court costs of $100. BMC Record. Halsten further alleged that she was owed triple this amount, $14,035.02, and court filing fees of $150, the statutory and accepted damages under M.G.L.c. 149 § 148, the Massachusetts Wage Act. BMC Record. A judgment awarding Halsten interest on these alleged unpaid wages was entered on August 19, 2021. BMC Record.

---

[2] The facts in this Background section are as presented by Halsten in her Complaint.

On May 23, 2022, in response to Halsten's Complaint, Defendants filed a partial motion to dismiss Halsten's Complaint. Defendants' Partial Motion to Dismiss. On July 11, 2023, this Honorable Court granted Defendants' motion as to Counts I and II, but denied Defendants' motion as to Counts III and IV, finding that Halsten's failure to pay wages and retaliation under the Massachusetts Wage Act were not precluded by *res judicata*. Memorandum and Order on Defendants' Partial Motion to Dismiss.

On October 24, 2023, Defendant sent to Plaintiff's attorney, in response to her 2nd request for the production of documents, invoices from all the companies that Plaintiff had ever performed services and gleaned commissions during her time with the Defendant. Despite this complete production, Plaintiff served seven third-party subpoenas on Defendant's clients, despite the fact that the documents subpoenaed had already been produced.

## DISCUSSION

### I) **Plaintiff's Subpoenas to Defendant's Clients Must be Quashed because They Demand Production of Documents More than 100 Miles Away.**

The Court must quash Plaintiff's subpoenas to Defendant's clients if, "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3). The geographic limit specified within Rule 45(c) is "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(2)(a).

In the instant matter, the Plaintiff's subpoenas are directed to Defendant's actual and potential clients located in Florida, Ohio, Georgia and Kansas. Exhibit A. These are far

more than 100 miles away from Pittsfield, MA, where production is demanded. Further, the only subpoena that was arguably within 100 miles of where production is demand is for SCA Pharmaceuticals, LLC, which the Plaintiff served in Connecticut. However, SCA is headquartered in Little Rock, Arkansas, where production of the documents from their headquarters would be well over 100 miles from the location where production is demanded. As such, in the instant matter, the Plaintiff's subpoenas must be quashed as they demand production beyond the geographic scope of Rule 45(c).

II) **Plaintiff's Subpoenas to Defendant's Clients Should be Quashed because the Undue Hardship on Defendant's Clients Far Outweighs any Probative Value the Documents Could Provide.**

In analyzing a motion to quash, "courts weigh the need of the party seeking discovery against any undue hardships created by permitting it." *In re Methyl Tertiary*, 269 F.R.D. 360, 363–64 (S.D.N.Y.2010). "To that end, we consider issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed when analyzing whether a subpoena places an undue burden on a nonparty." *Linsday v. C.R. Bard, Inc.*, No. 10 MC 441, 2011 WL 240104, at *1 (M.D.Pa. Jan. 24, 2011) (citing *Grider v. Keystone Health Plan Central, Inc.*, No. 05 MC 40, 2005 WL 2030456 (M.D.Pa. July 28, 2005)).

Here, the documentation that the Plaintiff seeks has either already been provided to the Plaintiff, is information ascertainable by the production that has been given to the Plaintiff from the Defendant or is wholly irrelevant to the current action. The Plaintiff seeks documents establishing "all payments made to Prompt Praxis Laboratories," and "all correspondence" related to Plaintiff. In this request, the Plaintiff seeks to prove that

there is alleged missing commission for which the Plaintiff is owed. The Plaintiff has already requested this information in two sets of requests for the production of documents and the Defendant has already produced this information, in the form of the Plaintiff's actual commission sheets, the invoices that are linked to these commission sheets, and the record of how Plaintiff's commissions were calculated based on these commission sheets, invoices and records. Exhibit B.

As the Plaintiff has received all the information it needs to prove her allegations that she was missing commission, the only purpose that the subpoenas would serve is to harass Defendant's clients and force them to turn over information that the Plaintiff has already received. Indeed, the invoices that the Plaintiff seeks have already been provided. If there were invoices that were not provided, this is due to the fact that the Plaintiff garnered no business (and thereby no commission) from Defendant's clients that these subpoenas were served upon. Contrary to Plaintiff's allegations, Plaintiff never secured business and/or received commissions from KRS Global Biotechnology ("KRS"), Fagron Sterile Services ("FSS"), or Baycare Health System ("Baycare"). Defendant has produced evidence of this non-securing of business to the Plaintiff. Exhibit C. As such, the subpoenas served on KRS, FSS and Baycare would only serve to give information that the Plaintiff knows to be irrelevant. Indeed, despite this indisputable evidence that the Plaintiff never secured business from KRS, FSS and Baycare nor received commissions attributable to the Plaintiff from these same entities, Plaintiff served these subpoenas in order to give heed to her failing claims.

Given that the evidence sought or the lack thereof has already been produced to the Plaintiff, and the undue hardship that these subpoenas would place on the Defendant's

clients in light of the little probative value that they would garner, the Plaintiff's subpoenas must be quashed.

### III)   Conclusion

WHEREFORE, Defendant prays that this Court grant Defendant's motion to quash Plaintiff's subpoenas and grant any other relief the Court deems appropriate.

Respectfully Submitted,

Defendant,
Prompt Praxis Laboratories LLC
By Its Attorney,

Trevor Brice, Esq.
BBO #706213
The Royal Law Firm
33 Elliot Street
Springfield, MA 01105
Tel. (413) 586-2288/Fax (413) 586-2281
Dated: November 22, 2023         E-mail:  TBrice@TheRoyalLawFirm.com

## CERTIFICATE OF CONFERENCE

The parties have conferred concerning the subject matter of this motion on November 3, 2023, by telephone call between Attorney Tully and Attorney Brice.

Trevor Brice, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum in Support* of *Defendant's' Motion to Quash Plaintiff's Subpoenas* and related exhibits were served upon attorney of record for all other parties through the CM/ECF system on November 22, 2023.

Trevor Brice, Esq.