UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LOREN O.E. NIKOLAI HALSTEN,

Plaintiff,

v.

CIVIL ACTION NO. 1:22-CV-10750

PROMPT PRAXIS LABORATORIES LLC
AND LISA MCCHESNEY-HARRIS

Defendants

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The Defendant, Prompt Praxis Laboratories LLC ("Defendant") herewith opposes the Plaintiff's Motion to Compel Production of Documents.  As grounds in support hereof, the Defendant states as follows:

At the outset, Defendant maintains that the Court should deny Plaintiff's Motion as the Defendant has produced all of the relevant information sought in Plaintiff's motion. Indeed, Defendant, by Plaintiff's own admission, has produced documents concerning Defendant's decision to terminate Plaintiff's employment. Further, as of November 30, 2023, Defendant has produced documents and communications concerning Plaintiff's report that she was sexually harassed by Steve Aragon, as well as documents related to any subsequent investigation. Additionally, through three sets of production,

Defendant has produced a complete record of payments received from Prompt Praxis clients that Plaintiff has alternatively sought by third party subpoena, including payments from SCA Pharmaceuticals "SCA Pharma", Integrity Compounding Pharmacy "Integrity Mixing", STAQ Pharma, UC Health, Fagron Sterile Services "FSS"/US Compounding, BayCare Health System "BayCare", KRS Global Biotechnology "KRS". Exhibit 1. Further, as of December 4th, 2023, Defendant has provided Plaintiff with her entire email file from her employment with the Defendant. Exhibit 2. Because the Defendant has fully complied with Plaintiff's documents requests and the information sought by Plaintiff's motion to compel, Plaintiff's motion to compel must be dismissed.

## DOCUMENT REQUESTS

Plaintiff's Document Request 6 sought "all documents and communications concerning Defendants' decision to terminate Plaintiff's employment." (Emphasis added). Plaintiff maintains that this information is relevant to Plaintiff's claims that she was unlawfully terminated. As Plaintiff points out, Defendant has produced "Defendants' communication with Halsten regarding her termination." Plaintiff's Memorandum, pg.7. Indeed, Defendant has produced all communications related to Plaintiff's termination, including the emails relating to when the decision was made, as well as the emails terminating Plaintiff from her employment. The parties relevant to this matter have searched their emails and produced all communications regarding the decision to terminate Plaintiff's employment, as well as her actual termination. As such, Defendant has fully complied with Plaintiff's request.

Plaintiff's Document Request 13 requests "all documents concerning revenue received from SCA Pharmaceuticals "SCA Pharma", Integrity Compounding Pharmacy "Integrity Mixing", STAQ Pharma, UC Health, Fagron Sterile Services "FSS"/US Compounding, BayCare Health System "BayCare", KRS Global Biotechnology "KRS." Through its document production, Defendant has produced all invoices from the above referenced clients during the Plaintiff's employment with the Defendant, as well as the relevant commission spreadsheets that Plaintiff needs to prove her alleged claim that Defendant did not pay her commissions. This includes, as of November 30, 2023, invoices from KRS and an acknowledgement that during her tenure with Defendant, Defendant received no revenue from FSS. As such, Plaintiff has a complete record on which to prove her allegations. As Defendant has made abundantly clear, Plaintiff, per her signing of the "Sales Incentive Plan Agreement," has acknowledged Defendant's policy that she is not entitled to invoices following her termination from the Defendant on May 10, 2021. Exhibit 3- Sales Incentive Plan. As such, these invoices beyond her termination are not relevant to the Plaintiff's allegations and Defendant has fully complied with this request.

Plaintiff's Document Request 14 requests "all documents and communications concerning Plaintiff's report to Defendants that she was sexually harassed by Steve Aragon, including but not limited to all documents and communications concerning any investigation into Plaintiff's report of sexual harassment and any determination made as a result of this investigation." As of November 30, 2023, Defendant has produced all documents and communications concerning Plaintiff's report to Defendant that she was sexually harassed as well as all documents and communications related to the

investigation that followed this report. Further, as of December 4, 2023, Plaintiff has produced Plaintiff's entire email file, which contains her report as well as any subsequent follow-up regarding the investigation. The Defendant has also produced all documentation related to interviews and the result of the investigation to the Plaintiff. As such, Defendant has fully complied with this request.

Plaintiff's Document Request 15 requests "all documents and communications concerning Plaintiff's report to Rebecca Kolleng made on April 27, 2021 that Defendants were retaliating against her for reporting sexual harassment." Plaintiff, while contending that this documentation has not been produced, also states that "correspondence between Ms. Kolleng and Plaintiff" have been produced. Plaintiff's memorandum, pg. 11. Indeed, Plaintiff has produced all documentation related to this report. Further, as previously referenced, Defendant has produced Plaintiff's entire email file from her time at the Defendant, which compiles all documentation related to this investigation. As such, Defendant has fully complied with this request.

Plaintiff's Document Request 16 requests "all documents and communications concerning Plaintiff's report to Rebecca Kolleng made on April 27, 2021 that Defendants had failed to pay her commission owed." Plaintiff, while contending that this documentation has not been produced, also states that "correspondence between Ms. Kolleng and Plaintiff" have been produced. Plaintiff's memorandum, pg. 13. Indeed, Defendant has produced all documentation related to this report. Further, as previously referenced, Defendant has produced Plaintiff's entire email file from her time at the Defendant, which compiles all documentation related to this investigation. As such, Defendant has fully complied with this request.

Plaintiff's Document Request 17 requests "Plaintiff's entire PPL email file." Though the Defendant continues to maintain that this request is overly broad, Defendant, as of December 4, 2023, has produced Plaintiff's entire email file to Plaintiff's counsel from the time that Plaintiff was employed by the Defendant. As such, Defendant has fully complied with this request.

Plaintiff's Document Request 1, from her second set of Requests for Production of Documents, requests "all documents and correspondence concerning all services you provided to SCA Pharmaceuticals "SCA Pharma", Integrity Compounding Pharmacy "Integrity Mixing", STAQ Pharma, UC Health, Fagron Sterile Services "FSS"/US Compounding, BayCare Health System "BayCare", KRS Global Biotechnology "KRS." Through its document production, Defendant has produced all invoices from the above referenced clients during the Plaintiff's employment with the Defendant, as well as the relevant commission spreadsheets that Plaintiff needs to prove her alleged claim that Defendant did not pay her commissions. This includes, as of November 30, 2023, invoices from KRS and an acknowledgement that during her tenure with Defendant, Defendant received no revenue from FSS. As such, Plaintiff has a complete record on which to prove her allegations. As Defendant has made abundantly clear, Plaintiff, per her signing of the "Sales Incentive Plan Agreement," has acknowledged Defendant's policy that she is not entitled to invoices following her termination from the Defendant on May 10, 2021. Exhibit 3- Sales Incentive Plan. As such, these invoices beyond her termination are not relevant to the Plaintiff's allegations and Defendant has fully complied with this request.

## CONCLUSION

In response to Plaintiff's requests, Defendants have fully complied. Contrary to Plaintiff's assertion that she has not received any documentation in response to her requests, Defendants have given ample and complete documentation to allow Plaintiff to substantiate her case. As such, the Defendant requests that the Plaintiff's Motion to Compel be denied in its entirety.

Respectfully Submitted,

Defendant
By Its Attorney,

_/s/ Trevor Brice_
Trevor R. Brice, Esq.
BBO #706213
The Royal Law Firm LLP
33 Elliot Street
Springfield, Massachusetts 01105
Tel. (413) 586-2288/Fax (413) 586-2281
E-mail: TBrice@theroyallawfirm.com

Dated: December 5, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing _Defendants' Opposition to Plaintiff's Motion to Compel Production of Documents_ was served upon attorney of record for all other parties through the CM/ECF system on December 5, 2023.

_/s/ Trevor Brice_
Trevor Brice, Esq.

# Trevor Brice

| | |
|---|---|
| **From:** | Trevor Brice |
| **Sent:** | Thursday, November 30, 2023 4:54 PM |
| **To:** | Elizabeth A. Tully |
| **Subject:** | Production in response to court order |
| **Attachments:** | Year 2020 KRS Invoices.pdf; Year 2021 KRS Invoices.pdf; Year 2022 KRS Invoices thru 31Mar2022.pdf; Production 11.30.23.zip |

Hi Elizabeth,

Per the Court's order, please find the related production attached. Please note that upon search, for FSS/US Compounding, there are no invoices in the subpoena-requested time period. As to the other five entities subpoenaed, we have already produced all invoices for the requested time period. However, please let me know if there is any discrepancy.

Further, please find attached emails related to the investigation of Ms. Halsten's sexual harassment complaint and related report, as well as emails connected to her complaints of missing commissions. I believe this production clears many of the issues raised in the motion to compel, aside from Ms. Halsten's email file. I have received this from my client, however the file is enormous, almost 8GB. Do you have a share drive that I can upload this to? I can otherwise create one, but please let me know, thank you.

Sincerely,

Trevor Brice



**Trevor R. Brice, Esq.**
**The Royal Law Firm**
**33 Elliot Street**
**Springfield, MA 01105**
**(413) 586-2288**
**Fax: (413) 586-2281**



MA | CT | RI | VT | NH | ME | NY

*Additional Offices in Hartford, Connecticut; Providence, Rhode Island; and Bennington, Vermont*
http://www.TheRoyalLawFirm.com

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at (413) 586-2288 and delete this e-mail message and any attachments from your workstation or network mail system. If you work for or are yourself a client of The Royal Law Firm, this e-mail is protected by the attorney-client privilege and the work product doctrine. This e-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege."
DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.



**Trevor Brice**

| | |
|---|---|
| **From:** | Trevor Brice |
| **Sent:** | Monday, December 4, 2023 2:28 PM |
| **To:** | Ann C. Smith |
| **Cc:** | Elizabeth A. Tully |
| **Subject:** | Re: Production in response to court order |

Hi Ann,

I have uploaded the documents, please let me know if there are any issues, thank you.

Sincerely,

Trevor Brice







**Trevor R. Brice, Esq.**
**The Royal Law Firm**
**33 Elliot Street**
**Springfield, MA 01105**
**(413) 586-2288**
**Fax: (413) 586-2281**

MA | CT | RI | VT | NH | ME | NY

*Additional Offices in Hartford, Connecticut; Providence, Rhode Island; and Bennington, Vermont*
http://www.TheRoyalLawFirm.com

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at (413) 586-2288 and delete this e-mail message and any attachments from your workstation or network mail system. If you work for or are yourself a client of The Royal Law Firm, this e-mail is protected by the attorney-client privilege and the work product doctrine. This e-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege."
DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

**From:** Ann C. Smith <acsmith@cohenkinne.com>
**Sent:** Friday, December 1, 2023 10:10 AM
**To:** Trevor Brice <TBrice@theroyallawfirm.com>
**Cc:** Elizabeth A. Tully <etully@cohenkinne.com>
**Subject:** FW: Production in response to court order

Hello Trevor,

I am working with Beth Tully, and she asked me to set up a link for you to upload your client's production. Here is the link to our dropbox.   Please let us know when you have uploaded the documents.

https://www.dropbox.com/scl/fo/yef2kl28m27ui4eu4ro8q/h?rlkey=p993rsbdmqwigi87ozcwsgyn5&dl=0

Ann Connell Smith
Senior Litigation Paralegal
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201
asmith@cohenkinne.com
Phone (Main)413-443-9399
Phone (Direct Office Line) 413-553-0413
Cell:  413-329-8808
Direct Fax:  413-341-1062

**From:** Trevor Brice <TBrice@theroyallawfirm.com>
**Sent:** Thursday, November 30, 2023 4:54 PM
**To:** Elizabeth A. Tully <etully@cohenkinne.com>
**Subject:** [External] Production in response to court order

Hi Elizabeth,

Per the Court's order, please find the related production attached. Please note that upon search, for FSS/US Compounding, there are no invoices in the subpoena-requested time period. As to the other five entities subpoenaed, we have already produced all invoices for the requested time period. However, please let me know if there is any discrepancy.

Further, please find attached emails related to the investigation of Ms. Halsten's sexual harassment complaint and related report, as well as emails connected to her complaints of missing commissions. I believe this production clears many of the issues raised in the motion to compel, aside from Ms. Halsten's email file. I have received this from my client, however the file is enormous, almost 8GB. Do you have a share drive that I can upload this to? I can otherwise create one, but please let me know, thank you.

Sincerely,

Trevor Brice



**Trevor R. Brice, Esq.**
**The Royal Law Firm**
**33 Elliot Street**
**Springfield, MA 01105**
**(413) 586-2288**
**Fax: (413) 586-2281**

NAMWOLF
LAW FIRM MEMBER

certified
WBENC

MA | CT | RI | VT | NH | ME | NY

*Additional Offices in Hartford, Connecticut; Providence, Rhode Island; and Bennington, Vermont*
http://www.TheRoyalLawFirm.com



This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at (413) 586-2288 and delete this e-mail message and any attachments from your workstation or network mail system. If you work for or are yourself a client of The Royal Law Firm, this e-mail is protected by the attorney-client privilege and the work product doctrine. This e-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege."
DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

***************************************************************************************************************

This email and any files transmitted with it are confidential and may contain attorney-client privileged information. These materials are intended solely for the use of the intended recipient. If you are not the intended recipient, any use, distribution, or disclosure of this transmission is prohibited. If you have received this email in error, please immediately notify the sender and delete the message from your system.
***************************************************************************************************************

PROMPT 

## Sales Incentive Plan Agreement

Prompt Praxis Laboratories, LLC. (PPL) understands the value the National Sales and Business Development Manager brings to the organization. In addition to the base salary paid, the National Sales and Business Development Manager has the opportunity for earning additional remuneration to be paid, at minimum, quarterly based on achieving sales increments for:

1. Securing new business customers
2. Enhancing business with the existing customer base.

## New Business from Sources Generated by the National Sales and Business Development Manager

Prompt Praxis Laboratories, LLC. is opening the year with an aggressive move to open new accounts. To encourage new business development, commissions for new business secured from sourcing, leads and prospecting by the National Sales and Business Development Manager will equal 5% of revenue received by PPL from such businesses. This 5% commission is payable during the first twelve months of the new business relationship. After twelve months the relationship will be construed as 'Continued Business' and the commission will revert to 2% for the second twelve (12) month period. For the purposes of this agreement, 'New Business' is any revenue generated from companies due to prospecting or leads generated and attributable to the National Sales and Business Development Manager. It shall also include the development of new sales to existing customers of categories of business, processes, and services not previously utilized by the customer.

## New Business from Other PPL Sources/Existing Clients

Commissions for business obtained through the efforts of the National Sales and Business Development Manager originating from contacts and leads provided by other employees within PPL will equal 2.5% of the revenue for the first year of that business. After twelve months the relationship will be construed as 'Continued Business' and the commission will revert to 1.25% for the next 12 months. For the purposes of this agreement, this includes all of those businesses for which leads are generated from other employees of PPL, and referred to the National Sales and Business Development Manager. The Following are PPL's Existing Clients

| | |
|---|---|
| Advanced Infusion Services | Montefiore NY |
| Avella Specialty Pharmacy | PharMedium |
| Edward Hospital Pharmacy Department | Pine Pharmaceuticals |
| Fresenius Kabi Compounding | SteRx LLC |
| IntegralDose Compounding Services | Toltec |
| Leiter | UIC College of Pharmacy |
| Medi-Fare Drug | Valley Children's |

50 Lakeview Parkway • Suite 123 • Vernon Hills, IL 60061-1590 • Phone: 1-(847)-859-3850
150 N Fairway Drive • Suites 138 - 154 • Vernon Hills, IL 60061-1860




## Continued Business

After the initial 12 months of a new, expanded, or enhanced business relationship with PPL, a commission in the amount of 1.25% will be paid for the next 12 months on business that has been generated through the efforts of the National Sales and Business Development Manager.

## Exceptions from Commission

Any business or increase in business that is not substantially distinct from previous services, generated from any client who did business with PPL prior to January 7, 2019, will not be included in the commission calculations. Any business generated without the involvement of the National Sales and Business Development Manager also will be excluded.

## Calculation of Commissions

PPL will pay commissions on a regular basis in conjunction with the processing of the regular payroll but no later than the month following the close of a quarter. The amount of commission is calculated based on revenue received by PPL. Pending Purchase Orders and Unpaid Invoices are excluded from the calculation.

## Payment of Commissions

Commissions are always paid in arrears to calculate the paid Invoices. Commissions due will be paid as soon as possible in a regular pay cycle but no later than payroll date following the close of a quarter.

## Miscellaneous

Commission will be earned during active employment with PPL only. In the event employment terminates during the month, commissions earned through the end of the month in which the termination occurred will be paid to the employee in the first pay period of the month subsequent to the termination occurred.



_LMH_

50 Lakeview Parkway • Suite 123 • Vernon Hills, IL 60061-1590 • Phone: 1-(847)-859-3850
150 N Fairway Drive • Suites 148 - 154 • Vernon Hills, IL 60061-1860

**Commissions will be considered final after 30 days.** If you have a question, problem or disagreement with the amount of commission paid on a sale, be sure to submit the details, *in writing*, to Lisa McChesney-Harris, PhD, CEO, CSO and Founder of PPL, within 30 days of the commission payment.

Agreed and Signed this 13th day of June, 2019.

Stephen Aragon
Vice President of Operations

Loren Halsten
National Sales & Business Development
Manager

Lisa L. McChesney-Harris, PhD
CEO, CSO & Founder

Cecilia Newcomb-Evans, MS
Senior Vice President



501 Lakeview Parkway • Suite 123 • Vernon Hills, IL 60061-1590 • Phone, 1-(847)-859-3850
150 N Fairway Drive • Suites 148 - 154 • Vernon Hills, IL 60061-1860



## <u>Sales Incentive Plan Agreement</u>

Prompt Praxis Laboratories, LLC. (PPL) understands the value the National Sales and Business Development Manager brings to the organization. In addition to the base salary paid, the National Sales and Business Development Manager has the opportunity for earning additional remuneration to be paid, at minimum, quarterly based on achieving sales increments for:

1. Securing new business customers
2. Enhancing business with the existing customer base.

## New Business from Sources Generated by the National Sales and Business Development Manager

Prompt Praxis Laboratories, LLC. is opening the year with an aggressive move to open new accounts. To encourage new business development, commissions for new business secured from sourcing, leads and prospecting by the National Sales and Business Development Manager will equal 5% of revenue received by PPL from such businesses. This 5% commission is payable during the first twelve months of the new business relationship. After twelve months the relationship will be construed as 'Continued Business' and the commission will revert to 2% for the second twelve (12) month period. For the purposes of this agreement, 'New Business' is any revenue generated from companies due to prospecting or leads generated and attributable to the National Sales and Business Development Manager. It shall also include the development of new sales to existing customers of categories of business, processes, and services not previously utilized by the customer.

## New Business from Other PPL Sources/Existing Clients

Commissions for business obtained through the efforts of the National Sales and Business Development Manager originating from contacts and leads provided by other employees within PPL will equal 2.5% of the revenue for the first year of that business. After twelve months the relationship will be construed as 'Continued Business' and the commission will revert to 1.25% for the next 12 months. For the purposes of this agreement, this includes all of those businesses for which leads are generated from other employees of PPL, and referred to the National Sales and Business Development Manager. The Following are PPL's Existing Clients

| | |
|---|---|
| Advanced Infusion Services | Montefiore NY |
| Avella Specialty Pharmacy | PharMedium |
| Edward Hospital Pharmacy Department | Pine Pharmaceuticals |
| Fresenius Kabi Compounding | SterRx LLC |
| IntegraDose Compounding Services | Toltec |
| Leiter | UIC College of Pharmacy |
| Medi-Fare Drug | Valley Children's |




## Continued Business

After the initial 12 months of a new, expanded, or enhanced business relationship with PPI, a commission in the amount of 1.25% will be paid for the next 12 months on business that has been generated through the efforts of the National Sales and Business Development Manager.

## Exceptions from Commission

Any business or increase in business that is not substantially distinct from previous services, generated from any client who did business with PPI prior to January 7, 2019, will not be included in the commission calculations. Any business generated without the involvement of the National Sales and Business Development Manager also will be excluded.

## Calculation of Commissions

PPI will pay commissions on a regular basis in conjunction with the processing of the regular payroll but no later than the month following the close of a quarter. The amount of commission is calculated based on revenue received by PPI. Pending Purchase Orders and Unpaid Invoices are excluded from the calculation.

## Payment of Commissions

Commissions are always paid in arrears to calculate the paid Invoices. Commissions due will be paid as soon as possible in a regular pay cycle but no later than payroll date following the close of a quarter.

## Miscellaneous

Commission will be earned during active employment with PPI only. In the event employment terminates during the month, commissions earned through the end of the month in which the termination occurred will be paid to the employee in the first pay period of the month subsequent to the termination occurred.



**Commissions will be considered final after 30 days.** If you have a question, problem or disagreement with the amount of commission paid on a sale, be sure to submit the details, *in writing*, to Lisa McChesney-Harris, PhD, CEO, CSO and Founder of PPL, within 30 days of the commission payment.

Agreed and Signed this 13th day of June, 2019.

Stephen Aragon                          15 Jun 2019
Vice President of Operations

Loren Halsten                           18 June 2019
National Sales & Business Development
Manager

Lisa L. McChesney-Harris, PhD
CEO, CSO & Founder          13 JUN 2019

Cecilia Newcomb-Evans        13 JUN 2019
Cecilia Newcomb-Evans, MS
Senior Vice President